**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Hugo Gomez, Kilmer Vicente, Ronald Roldan, and Josue Garcia,<br><br>*Plaintiffs,*<br><br>v.<br><br>Coral Seafood Restaurant 1, Inc., Main Restaurant and Lounge, Inc., Lake House Restaurant and Bar Corp., and Fatmir Osmanaj,<br><br>*Defendants.* | **Civ. No. 26-4921**<br><br>**COMPLAINT** |

Plaintiffs Hugo Gomez, Kilmer Vicente, Ronald Roldan, and Josue Garcia, as and for their Complaint, allege as follows:

<u>Preliminary Statement</u>

1. Plaintiffs Hugo Gomez, Kilmer Vicente, Ronald Roldan, and Josue Garcia ("Plaintiffs") worked long hours – as many as 60 to 80 or more hours per week – as dishwashers, bussers, and cooks at Coral Seafood Restaurant 1, Inc. ("Coral Seafood") and Lake Restaurant and Bar Corp. ("Lake House") in New York's lower Hudson Valley. Notwithstanding these long hours of work, Defendants Coral Seafood, Main Restaurant and Lounge, Inc., Lake House, and Fatmir Osmanaj (collectively, "Defendants") did not pay Plaintiffs overtime for their hours above 40 each week, and at times did not even pay them the legal minimum wage. Instead, year after year – in willful and systematic violation of federal and

New York law – Defendants paid Plaintiffs only a flat daily or weekly wage for all of their hours of work, a wage which fell short of the required wage rate. Defendants also did not pay Plaintiffs at all for approximately 12 weeks in 2025, and on other occasions paid them late.

2. To remedy these and other legal violations, Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* and the New York Labor Law ("NYLL"). Plaintiffs seek, *inter alia*, their unpaid wages, liquidated damages, and damages for other violations of the NYLL.

## Jurisdiction and Venue

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 201 *et seq.* (FLSA).

4. The Court has jurisdiction over Plaintiffs' pendant state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction). Plaintiffs' state law claims are part of the same case or controversy as Plaintiffs' federal claim.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391. A substantial part of the acts and/or omissions giving rise to the claims alleged in this Complaint occurred within this district.

6. Defendants reside and/or do business in this district.

## Parties

7. Plaintiff Hugo Gomez is a resident of New York State who was employed by Defendants between approximately June 2022 and November 2025.

8. Plaintiff Kilmer Vicente is a resident of New York State who was employed by Defendants between approximately July 2021 and November 2025.

9. Plaintiff Ronald Roldan is a resident of New York State who was employed by Defendants between approximately September 2023 and November 2025.

10. Plaintiff Josue Garcia is a resident of New York State who was employed by Defendants between approximately August 2024 and November 2025.

11. At all times relevant to this action, Plaintiffs were non-exempt employees of Defendants within the meaning of the FLSA and the NYLL.

12. The primary and native language of each Plaintiff is Spanish.

13. Coral Seafood is a New York corporation with its principal place of business located at 63 Route 6, Somers, New York, in Westchester County.

14. Main Restaurant and Lounge, Inc. is a New York corporation with its principal place of business located at 19 Court Street, White Plains, New York, in Westchester County.

15. Lake House is a New York corporation with its principal place of business located at 825 South Lake Boulevard, Mahopac, New York, in Putnam County.

16. Defendant Fatmir Osmanaj is an individual who, upon information and belief, was an owner of the corporate Defendants at all times relevant to this action.

17. At times relevant to this action, Defendant Osmanaj also functioned as a manager of the corporate Defendants and the business locations at which Plaintiffs were employed.

18. Defendants Osmanaj is a resident of New York State.

19. Defendants are engaged in commerce as defined by 29 U.S.C. § 203.

20. Upon information and belief, Defendants have a gross volume business of not less than $500,000 per year.

21. At all times relevant to this action, Defendants were “employers” of Plaintiffs within the meaning of the FLSA and the NYLL.

22. At all times relevant to this action, Plaintiffs were “employees” of Defendants within the meaning of the FLSA and the NYLL.

23. At all times relevant to this action, Defendants "employed" Plaintiffs within the meaning of the FLSA and the NYLL.

## Factual Allegations

24. Plaintiff Gomez worked at Lake House and Coral Seafood as a dishwasher between approximately June 2022 and June 2023. In approximately June 2023, Plaintiff Gomez was promoted to cook, and worked as a cook until approximately November 2025.

25. When Plaintiff Gomez first began working for Defendants, he worked six or seven days per week, typically from 10:30 AM to 11:00 PM, with no breaks. During this time, he was paid $140 per day.

26. Later, when he began working as a cook, Plaintiff Gomez began working five or six days per week, typically from 10:00 AM to 11:00 PM. During this time, he was first paid $170 per day and later was paid $190 per day.

27. Plaintiff Vicente worked at Lake House and Coral Seafood as a dishwasher starting in July 2021 and continuing for about six months. After that time, Plaintiff Vicente was promoted to cook, and worked as a cook until approximately November 2025.

28. When Plaintiff Vicente worked as a dishwasher, he typically worked seven days per week, from 10:30 AM to 11:00 PM, with no breaks. During this time, he was paid $130 per day.

29. Later, when he began working as a cook, Plaintiff Vicente began usually working six days per week, typically from 10:00 AM to 11:00 PM, with no breaks. During this time, he was first paid $200 per day and later was paid $240 per day.

30. Plaintiff Roldan worked at Lake House and Coral Seafood as a busser starting in September and continuing for around one year. After this year, Plaintiff Roldan began working as a food runner and waiter, and continued with these jobs until approximately November 2025.

31. Plaintiff Roldan typically worked seven days per week, from 10:30 AM to 11:00 PM, with no breaks. He was paid $60 per day while working as a busser, and $100 per day while working as a food runner.

32. Plaintiff Garcia worked at Lake House and Coral Seafood as a dishwasher starting in approximately August 2024 and continuing for about eight months. After that time, Plaintiff Garcia was promoted to cook, and worked as a cook until approximately November 2025.

33. When Plaintiff Garcia worked as a dishwasher, he typically worked seven days per week, from 11:00 AM to 10:00 PM. During this time period, he was paid $140 per day.

34. When he began working as a cook, Plaintiff Garcia continued working the same schedule, but was paid $1,150 per week.

35. Defendants failed to pay Plaintiffs at all for approximately 12 weeks of work beginning around January 2025.

36. At various times between January and November 2025, Defendants did not pay Plaintiffs on their regular pay date.

37. The wages Defendants paid to all Plaintiffs were less than the minimum wage rate required under NYLL during certain work weeks.

38. The wages Defendants paid to Plaintiffs were less the minimum wage rate required by the FLSA during certain work weeks.

39. Although Plaintiffs consistently worked more than forty hours each week, Defendants never paid Plaintiffs overtime at a rate of at least one-and-a-half times their regularly hourly rate, as is legally required.

40. Instead, Plaintiffs were paid a flat daily or weekly rate for all of the hours they worked for Defendants.

41. On a regular basis, the interval between the beginning and the end of Plaintiffs' work days exceeded ten hours. However, Plaintiffs were never paid an additional hour at the minimum wage on the days in which their spread of hours exceeded ten hours, as required by 12 N.Y.C.R.R. § 146-1.6.

42. Defendants failed to furnish to Plaintiffs, at the time Plaintiffs began working for Defendants, written notice of their wage rate or a written disclosure of the other information required by NYLL 195(1) in their primary language.

43. Defendants never thereafter furnished to Plaintiffs written notice or a disclosure of the information required by NYLL 195(1), including any changes to Plaintiffs' rate of pay.

44. In addition, Defendants failed to furnish proper and accurate wage statements to Plaintiffs as required by NYLL 195(3).

45. Upon information and belief, at all times relevant to this action, Defendants failed to post, in a visible and accessible location, required postings informing employees of their rights under the FLSA and under NYLL. As a result, the FLSA and NYLL statute of limitations should be equitably tolled to allow Plaintiffs to recover for legal violations during their entire period of employment.

46. Defendants failed to provide any notice to any Plaintiff regarding any tip credits to be applied toward their wages.

*Defendant Fatmir Osmanaj's active, operational control over all aspects of the restaurants*

47. Defendant Fatmir Osmanaj had the power to establish, and did establish – directly or through his agent(s) – the terms of Plaintiffs' employment.

48. Defendant Osmanaj, directly or indirectly, determined the salary to be paid to Plaintiffs.

49. Defendant Osmanaj had the power to hire and fire employees of Defendants, and he exercised that power, whether directly or through his agent(s).

50. Defendant Osmanaj worked at the same restaurant locations at Plaintiffs on a daily basis.

51. Defendant Osmanaj had the power to control the day-to-day functions of the Defendant businesses, including Plaintiffs' employment, and did control the day-to-day operations of the businesses.

52. Defendant Osmanaj, directly or indirectly, managed, supervised, and directed the business and operations of all restaurant locations at which Plaintiffs were employed.

*Joint Enterprise: Coral Seafood and Lake House*

53. At all times relevant to this action, Coral Seafood and Lake House were under common control and were operated for a common business purpose.

54. At all times relevant to this action, the operations of Coral Seafood and Lake House were integrated.

55. Multiple employees of this joint enterprise, including Plaintiffs, regularly worked for Coral Seafood and Lake House during the same work day.

56. Coral Seafood and Lake House were under common control, as Defendant Osmanaj oversaw the operations of both businesses. Among other things, Osmanaj gave direction to managers at both Coral Seafood and Lake House, made financial decisions for both Coral Seafood and Lake House, and was involved in personnel decisions for both Coral Seafood and Lake House.

57. For all times relevant to this action, Defendants Coral Seafood and Lake House have constituted a single enterprise engaged in commerce, and in operating their business, have performed related activities through unified operation or common control for a common business purpose.

*Further Allegations*

58. During the course of their employment, Plaintiffs handled, sold, or otherwise worked on items that were produced for movement in interstate commerce.

59. At all times relevant to this action, Defendants have employed two or more individuals, including Plaintiffs, handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

60. Defendants: (1) shared the services of the Plaintiffs, (2) shared direct or indirect control over Plaintiffs, (3) acted in the interest of one another, and (4) constitute joint employers of Plaintiffs as defined by federal and state law.

61. Defendants undertook all of the actions and omissions alleged above either directly, or through their agents who were authorized to undertake such actions and omissions.

62. The actions and omissions alleged hereinabove were willful.

**FIRST CAUSE OF ACTION**
**(Fair Labor Standards Act)**

63. Plaintiffs reallege and incorporate by reference the foregoing allegations as if fully set forth herein.

64. Defendants willfully failed to pay Plaintiffs the federal minimal wage for each hour worked in some work weeks. This failure violates the Fair Labor Standards Act, 29 U.S.C. § 206(a), and its implementing regulations.

65. Defendants willfully failed to pay Plaintiffs overtime at a rate of at least one-and-a-half times their regular hourly rate for every hour Plaintiffs worked above forty (40) hours in a work week. This failure violates the Fair Labor Standards Act, 29 U.S.C. § 207(a), and its implementing regulations.

66. Defendants also violated the FLSA by failing to keep records as required by statute, 29 U.S.C. § 211(c).

67. Plaintiffs are entitled to their unpaid wages, plus an additional equal amount in liquidated damages, as a consequence of Defendants' unlawful actions and omissions, in accordance with 29 U.S.C. § 216(b).

68. Plaintiffs are also entitled to costs of Court, pursuant to 29 U.S.C. § 216(b).

69. Plaintiffs seek, and are entitled to, attorneys' fees incurred by their counsel, pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**(NYLL – Unpaid Promised Wage)**

70. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 – 62 above as if fully set forth herein.

71. Defendants willfully failed to pay Plaintiffs their wages weekly at the daily or weekly rate they promised, in violation of NYLL § 191(a).

72. Defendants' failure to pay the required wages as set forth above was willful within the meaning of NYLL §§ 198, 663, and 681.

73. Plaintiffs are entitled to their unpaid wages as mandated by NYLL, plus an additional 100 percent as liquidated damages, as a consequence of the Defendants' unlawful actions and omissions in accordance with NYLL §§ 198, 663, and 681.

74. Plaintiffs also seek, and are entitled to, attorneys' fees incurred by their counsel, costs of Court, and interest.

**THIRD CAUSE OF ACTION**
**(NYLL – Unpaid Minimum Wage)**

75. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 – 62 above as if fully set forth herein.

76. At all relevant times, Plaintiffs were covered by the NYLL and supporting New York State Department of Labor Regulations.

77. Defendants were required to pay Plaintiffs at the applicable New York State minimum wage rate for all hours worked.

78. Defendants were required to pay Plaintiffs at an hourly rate of (a) $14.00 per hour on and after December 31, 2020; and (b) $15.00 per hour on and after December 31, 2021 under NYLL § 652 and corresponding New York State Department of Labor Regulations, including, but not limited, to 12 N.Y.C.R.R. § 142-2.1.

79. Defendants willfully failed to pay Plaintiffs their legal minimum hourly wages in violation of the NYLL Article 19, §§ 650 *et seq*., and corresponding New York State Department of Labor Regulations.

80. For their willful underpayment of wages, Defendants are jointly and severally liable to Plaintiffs for unpaid minimum wage compensation in an amount to be determined at trial. Plaintiffs are entitled to recovery of such amount, together with liquidated damages, pre- and post-judgment interest, reasonable attorney's fees, and the costs of this action, pursuant to the NYLL § 663.

**FOURTH CAUSE OF ACTION**
**(NYLL – overtime)**

81. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 – 62 above as if fully set forth herein.

82. Defendants willfully failed to pay Plaintiffs overtime at a rate of at least one-and-a-half times their regular hourly rate for every hour they worked above forty (40) hours in a single work week

83. Defendants' failure to pay the required wages as set forth above was willful within the meaning of NYLL §§ 198, 663, and 681.

84. Plaintiffs are entitled to their unpaid wages mandated by NYLL, plus an additional 100 percent as liquidated damages, as a consequence of the Defendants' unlawful actions and omissions in accordance with NYLL §§ 198, 663, and 681.

85. Plaintiffs seek, and are entitled to, attorneys' fees incurred by their counsel, costs of Court, and interest.

**FIFTH CAUSE OF ACTION**
**(NYLL – Spread of Hours)**

86. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1—62 above as if fully set forth herein.

87. Plaintiffs regularly worked days in which the end of their work shifts was more than ten (10) hours from the beginning of their work shifts.

88. Defendants, in violation of 12 N.Y.C.R.R. § 146-1.6, never paid Plaintiffs an additional hour of pay at the minimum wage rate for every day in which the interval between the beginning and the end of Plaintiffs' work day was more than ten (10) hours.

89. Plaintiffs are entitled to their unpaid spread of hour pay as mandated by NYLL, plus an additional 100 percent as liquidated damages, as a consequence of the Defendants' unlawful actions and omissions, in accordance with NYLL §§ 198, 663, and 681.

90. Plaintiffs seek, and are entitled to, attorneys' fees incurred by their counsel, costs of Court, and interest.

**SIXTH CAUSE OF ACTION**
**(NYLL – Wage Notice and Wage Statement Violations)**

91. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 – 62 above as if set forth fully here.

92. Defendants failed to provide Plaintiffs, at the time of their hiring or thereafter, wage notices in their primary language containing their rates of pay and other information as required by NYLL § 195(1).

93. Defendants failed to provide Plaintiffs with accurate wage statements with every payment of wages which provided all of the information required under NYLLs § 195(3).

94. For Defendants' violation of NYLL § 195(1), Plaintiffs are each entitled to $50 for each work day in which this violation continued to occur, in an amount not to exceed $5,000, pursuant to NYLL §198(1-b).

95. For Defendants' violation of NYLL § 195(3), Plaintiffs are each entitled to $250 for each work day in which this violation continued to occur, in an amount not to exceed $5,000, pursuant to NYLL §198(1-d).

96. Plaintiffs also seek, and are entitled to, attorneys' fees incurred by their counsel, costs of Court, and interest.

Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a trial by jury as to all issues so triable.

WHEREFORE, Plaintiffs request that this Court enter an Order:

a. assuming jurisdiction over this action;

b. declaring Defendants violated the FLSA and NYLL;

c. permanently enjoining Defendants from further violations of the FLSA and NYLL;

d. granting judgment to Plaintiffs on their FLSA claims and awarding Plaintiffs their unpaid wages and an equal amount in liquidated damages;

e. Granting judgment to Plaintiffs on their NYLL claims and awarding Plaintiff their unpaid wages, spread of hours compensation, applicable statutory damages, and liquidated damages as provided for by statute;

f. Awarding Plaintiffs pre-judgment and post-judgment interest as allowed by law;

g. Awarding Plaintiffs their costs and reasonable attorneys' fees; and

h. Granting such further relief as the Court deems just and proper.

DATED: New York, NY
June 10, 2026

KAKALEC LAW PLLC

______________________________

Patricia Kakalec
26 Court Street, Suite 1612
Brooklyn, NY 11242
(212) 705-8730
Patricia@KakalecLaw.com

ROBERT MCCREANOR
Law Office of Robert D. McCreanor, P.L.L.C.
245 Saw Mill River Rd. Suite 106
Hawthorne, NY 10532
(845) 202 1833
rmccreanor@rdmclegal.com